UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FAUSTO PLASENCIA,

                                  Petitioner,                      **MEMORANDUM and ORDER**

    – against –

                                                                       05-CV-1722 (SLT)(LB)

WARREN BARKLEY, Superintendent,

                                  Respondent.
----------------------------------------------------------X
**TOWNES, United States District Judge**:

      Fausto Plasencia ("petitioner"), proceeding *pro se*, seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.[1] Petitioner challenges his judgment of conviction on September 10, 2002 in the New York State Supreme Court, Queens County for Robbery in the First Degree and Criminal Possession of a Weapon in the Second Degree. In response to this Court's Order to Show Cause, respondent Warren Barkley ("respondent"),[2] submitted his opposition to petitioner's application for a writ of habeas corpus, primarily arguing that, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the petition is time barred

---

[1] Petitioner initiated this action by filing a petition pursuant to 28 U.S.C. § 2255 in the United State District Court for the Southern District of New York. However, as that Court recognized in its Transfer Order dated March 23, 2005, petitioner is challenging his conviction in a New York State court. Therefore, the petition is construed as one for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

[2] Respondent is currently the Superintendent of Cape Vincent Correctional Facility, where petitioner was incarcerated when he filed his petition for habeas corpus. The Court has learned that petitioner was released on February 15, 2005 and is currently on parole. *See* Website for New York State Department of Correctional Services Inmate Information, at *http://nysdocslookup.docs.state.ny.us* (last visited July 31, 2008). Because petitioner continues to serve a sentence resulting from the conviction he is challenging, his petition remains ripe for consideration. *See Smith v. Murray*, No. 03-CV-6553, 2007 WL 2581687, at *1 (W.D.N.Y. Sept. 5, 2007) ("The fact that [the petitioner] currently is paroled does not deprive the Court of jurisdiction to decide the case nor does it render the petition moot."); *Harris v. Dennison*, No. 06 Civ. 1508, 2007 WL 2398821, at *1 n. 3 (S.D.N.Y. Aug. 15, 2007) ("Parole release does not, in general, moot a habeas petition challenging the underlying conviction.") (citing *Mabry v. Johnson,* 467 U.S. 504, 507 n. 3 (1984)).

by the one-year statute of limitations.  Petitioner has not responded to respondent's opposition, despite the Order dated May 24, 2006 issued by this Court, directing that petitioner respond or the Court would consider the petition fully briefed.  For the reasons set forth below, the petition is dismissed as it is barred by the one-year statute of limitations.

## BACKGROUND

According to petitioner, on September 10, 2002, he pled guilty to the charges of Robbery in the First Degree, Robbery in the Second Degree, and Criminal Possession of a Weapon in the Second Degree before the New York State Supreme Court, Queens County, and was sentenced to five (5) years imprisonment and five (5) years of post-release supervision.[3]  Petition for Habeas Corpus dated February 2, 2005 ("Pet.") ¶¶ 1-5.  Petitioner indicates that his attorney advised him that he waived his right to appeal after he was sentenced,[4] and no appeal was filed on his behalf.  Pet. ¶ 11.

Thereafter, on an unspecified date in 2004, petitioner moved for an extension of time to appeal his judgment of conviction in the New York State Supreme Court, Appellate Division, Second Department ("Appellate Division"), and on December 7, 2004, the Appellate Division denied the motion.  *See People v. Plasencia*, No. 2004-9387 (App. Div., 2d Dep't Dec. 7, 2004),

---

[3]Respondent contends that petitioner only pled guilty to Robbery in the First Degree, but agrees that petitioner was sentenced to five years of imprisonment.  Affidavit of Jennifer Hagan dated March 24, 2006 ("Hagan Aff.") ¶ 4.  However, the New York State Department of Correctional Services indicates that petitioner was convicted for Robbery in the First Degree and Criminal Possession of a Weapon in the Second Degree.  *See* Inmate Information, at *http://nysdocslookup.docs.state.ny.us*.  Although the Court recognizes the confusion associated with the crime or crimes to which petitioner pled guilty in state court, this issue is not pertinent to the Court's holding that the petition is time barred.

[4]Since petitioner pled guilty and was sentenced on the same day, September 10, 2002, the Court assumes that petitioner is arguing that his attorney advised him that he waived his right to appeal only after pleading guilty and being sentenced.

available at *http://www.nycourts.gov/reporter/motions/12-07-2004_MOTION_LIST.htm* (last visited July 31, 2008). Petitioner then sought leave to appeal in the New York State Court of Appeals, and on January 25, 2005, the application was denied. *See People v. Plasencia*, 4 N.Y. 3d 766, 825 N.E.2d 142, 792 N.Y.S.2d 10 (2005). On February 2, 2005,[5] petitioner filed the instant petition seeking a writ of habeas corpus, asserting that his Fourteenth Amendment rights were violated because he was coerced by his attorney to make an involuntary confession, and he was denied a pre-plea competency hearing. Pet. ¶ 11. In addition, petitioner asserts that his Sixth Amendment rights were violated because his attorney failed to advise him that he was waiving his right to appeal by pleading guilty. *Id.*

## DISCUSSION

With the passage of AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[5]It is well established that the prison mailbox rule applies to *pro se* habeas corpus petitions, and the Court accordingly construes the petition's signature date as the effective filing date. *See Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir.), *cert. denied*, 534 U.S. 886 (2001); *see also Porter v. Greiner,* No. 00-6047, 2005 WL 3344828, at *7 (E.D.N.Y. Nov. 18, 2005) ("Where it is unclear when a *pro se* state prisoner mailed his or her habeas petition, the court assumes that the petition is filed on the day it is signed and dated.").

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Respondent argues that, under subsection (A), the instant petition is untimely. The Court agrees. Because petitioner did not timely appeal his judgment of conviction, the judgment became final on October 10, 2002, when the time for seeking direct review expired. *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (noting that N.Y.C.P.L. § 460.10(1)(a) provides a defendant thirty (30) days from the date of his or her judgment of conviction to appeal the judgment to the Appellate Division); *see also Raynor v. Dufrain*, 28 F. Supp. 2d 896, 898 (S.D.N.Y. 1998) (finding that the petitioner's judgment of conviction became final more than thirteen months prior to the petition being filed in federal court since petitioner did not file a timely notice of appeal, rendering the petition time barred). To be timely, this petition should have been filed in federal court on or before October 10, 2003, but it was not filed until February 2, 2005 – nearly one year and four months after the limitations period had expired. Moreover, petitioner's motion to file a late notice of appeal in state court does not "restart" or alter the limitations period. *See Bethea*, 293 F.3d at 579; *Raynor*, 28 F. Supp. 2d at 898-99.

By Order dated May 24, 2006, the Court directed petitioner to file a reply to respondent's opposition, but no response was filed.[6] However, in light of petitioner's *pro se* status, the Court

---

[6]Since petitioner was released from imprisonment on February 15, 2005, *see supra* note 3, it is
(continued...)

4

has considered whether a later date for commencing the statute of limitations applies here. Given the information provided in the petition, there is no basis for applying subsections (B) and (C) of § 2244(d)(1) or statutory tolling under § 2244(d)(2),[7] and, therefore, the Court has only considered whether § 2244(d)(1)(D) or equitable tolling applies.

A.     *28 U.S.C. § 2244(d)(1)(D)*

Where applicable, subsection (D) resets the beginning of the statute of limitations to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The relevant date for subsection (D) is when the "petitioner is on notice of the facts which would support a claim, not

---

[6](...continued)
unclear whether he received the Order dated May 24, 2006 because he has not provided the Court with an updated address. However, the lack of clarity regarding petitioner's knowledge of this action's status does not affect the petition's dismissal because it is "unmistakably clear" that the petition is time barred. *Acosta v. Artuz*, 221 F.3d 117, 125 (2d Cir. 2000).

[7]First, § 2244(d)(1)(B) provides that the one-year limitation period begins from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed." The petition reveals only one matter that could be conceivably considered an impediment, which is petitioner's contention that his attorney provided ineffective assistance by failing to advise him that his guilty plea would include waiving his right to appeal. However, this "impediment" was not created by the state as subsection (B) requires. *See Perich v. Mazzuca*, No. 05 CV 2942, 2007 WL 2455136, at *5 (E.D.N.Y. Aug. 23, 2007). Even if subsection (B) did apply, it would not save the untimely petition because petitioner indicates that his attorney advised him of the waived right to appeal after he pled guilty and was sentenced, on September 10, 2002, before the judgment of conviction became final for purposes of subsection (A). Second, subsection (C) is inapplicable here because there is no basis for petitioner to contend that the constitutional rights he is asserting have been "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

Finally, § 2244(d)(2) directs that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." Petitioner states that he does not have any petition or motion pending in any state court, and that he "never had a chance to present any of [his] grounds in any other Court." Pet. ¶¶ 12-13. Thus, § 2244(d)(2) is inapplicable here. Moreover, even if the Court applied § 2244(d)(2) to the period during which petitioner's motions to file an untimely appeal were pending before the Appellate Division and Court of Appeals, *see Raynor*, 28 F. Supp. 2d at 899, the limitations period had already elapsed when he filed those motions so his petition would remain time barred.

5

from the date on which the petitioner has in his possession evidence to support his claim." *Pacheco v. Artuz*, 193 F. Supp. 2d 756, 760 (S.D.N.Y. 2002) (quoting *Youngblood v. Greiner*, No. 97 Civ. 3289, 1998 WL 720681, at *4 n. 4 (S.D.N.Y. Oct. 13, 1998)); *see also Coleman v. Miller*, No. CV99-3981, 2000 WL 1843288, at *5 (E.D.N.Y. Oct. 16, 2000) ("Section 2244(b)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim.") (quoting *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). In considering when the factual predicate of a petitioner's claims were available, it is irrelevant whether the petitioner understood the legal significance of the facts available to him. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.") (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)).

Here, the factual predicate for each of petitioner's claims are premised on actions that occurred or failed to occur before petitioner pled guilty – namely, the failure of counsel to advise petitioner that his plea would result in the wavier of his right to appeal, counsel coercing petitioner to make an involuntary confession, and the absence of a pre-plea competency hearing. *See* Pet. ¶ 11. Under § 2244(d)(1)(D), the limitations period on these claims would not begin to run until petitioner could have discovered, through the exercise of due diligence, (1) that he was coerced into pleading guilty by his counsel, *see Oyague v. Artuz,* 393 F.3d 99, 106 (2d Cir. 2004) ("For the plea to be voluntary . . . [the defendant] must have an awareness of the true nature of the charge against him, . . . have a rational as well as factual understanding of the proceedings

against him, . . . and have knowledge of the nature of the constitutional protections he will forego by entering his plea.") (internal quotation marks and citations omitted); (2) that the trial court should have ordered a pre-plea competency hearing, *see Corney v. Henri*, No. 05-CV-338, 2007 WL 1388118, at *7 (N.D.N.Y. May 9, 2007) ("The Supreme Court has set forth a two-prong test for determining competency to stand trial [or plead guilty]. The defendant must have [a] sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and [b] a rational as well as factual understanding of the proceedings against him.") (quoting *United States v. Nichols,* 56 F.3d 403, 410 (2d Cir. 1995)) (internal quotation marks and citation omitted); or (3) his counsel's alleged malfeasance and its prejudicial effect, *see Quail v. Farrell*, 550 F. Supp. 2d 470, 475-76 (S.D.N.Y. 2008) ("To prove ineffective assistance of counsel, [the petitioner] must show that: [a] counsel's performance was deficient . . . and [b] a reasonable probability existed that, but for counsel's deficient performance, the outcome of the trial would have been different or that the defect in counsel's performance deprived the defendant of a trial whose result is reliable.") (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *see also Hasan*, 254 F.3d at 1154.

Petitioner's claims regarding the absence of a pre-plea hearing and the involuntary nature of his confession both necessarily rely on facts that were available – if not apparent – to petitioner at the time he pled guilty and was sentenced, on September 10, 2002, or shortly thereafter. *See, e.g., Quail*, 550 F. Supp. 2d at 479-80 (noting that pre-plea competency hearing only warranted when trial court has "reasonable cause" during the proceedings or there is "substantial other evidence" to question the defendant's competency); *Lebron v. Sanders*, No. 02 Civ. 6327, 2008 WL 793590, at *13 (S.D.N.Y. Mar. 25, 2008) (reviewing plea allocution

7

transcript to determine whether petitioner's guilty plea was knowingly, voluntarily, and intelligently-made). Although petitioner may not have known that the trial court was empowered to order a pre-plea competency hearing until some date after he pled guilty, subsection (D) does not require the consideration of when petitioner understood the legal significance of the facts, but rather when he was on notice of the facts supporting the claim. *See Hasan*, 254 F.3d at 1154 n.3. Given that petitioner was reasonably aware on the date that he pled guilty of any facts regarding his mental competency or any other fact likely to impugn his guilty plea, the limitations period under subsection (D) does not save these time-barred claims. Although petitioner was aware of the facts supporting these claims in September of 2002, he has provided no explanation for his delay of more than two years in raising them for the first time.

With respect to petitioner's ineffective assistance claim, he was on notice of the facts that he alleges demonstrate his counsel's alleged malfeasance on the date that he pled guilty and was sentenced. Petitioner's motion in the Appellate Division seeking to file an untimely appeal suggests that he learned that his time to appeal had elapsed, but there is no indication how or when he discovered this fact. As with his other claims, nothing explains why petitioner waited over two years after October of 2002 to attempt to appeal his conviction. Accordingly, 28 U.S.C. § 2244(d)(1)(D) may not be applied to reset the statute of limitations for petitioner's claims.

## B. *Equitable Tolling*

The Court has also considered whether petitioner has presented any basis for equitable tolling of the AEDPA statute of limitations. In order to warrant equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner's *pro se* status and ignorance of the law do not warrant equitable tolling. *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir.), *cert. denied*, 531 U.S. 840 (2000); *see also Fennell v. Artuz*, 14 F. Supp. 2d 374, 377 (S.D.N.Y. 1998) (equitable tolling based on excuses common among prisoners, such as lack of education and lack of familiarity with legal research, would undermine the AEDPA statute of limitations).

Although "in rare and exceptional circumstances a petitioner may invoke the courts' power to equitably toll the limitations period," *Belot v. Burge*, 490 F.3d 201, 205 (2d Cir. 2007) (quotation marks and citation omitted), *cert. denied*, 128 S.Ct. 1224 (Feb. 19, 2008), a petitioner seeking equitable tolling must also demonstrate that he exercised reasonable diligence throughout the period he seeks to toll. *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000); *Smith*, 208 F.3d at 17. The Second Circuit has "established only a limited number of circumstances that may merit equitable tolling, such as where an attorney's conduct is so outrageous and incompetent that it is truly extraordinary . . . and where prison officials intentionally obstruct a petitioner's ability to file his petition by confiscating his legal papers." *Doe v. Menefee*, 391 F.3d 147, 159-60 (2d Cir. 2004) (internal citations omitted), *cert. denied*, 546 U.S. 961 (2005).

Here, petitioner has provided no basis for equitable tolling. As for possible reasons for his delay in raising his claims, when liberally read, the petition indicates that petitioner's counsel's ineffective assistance is to blame because she informed him that he could not appeal his conviction. *See* Pet. ¶ 11. However, even if the Court were to find that counsel's actions were sufficiently egregious to warrant equitable tolling, petitioner would also have to show that

9

he acted with reasonable diligence in pursuing his claims and that there is causal connection between his tardy filing and the extraordinary circumstances. Petitioner's approximately two year delay in even attempting to appeal his conviction does not demonstrate that he acted with due diligence. Accordingly, there is no basis for equitable tolling.

## *CONCLUSION*

For the reasons set forth above, the Court finds that the AEDPA statute of limitations has expired and there are insufficient grounds for equitable tolling. Accordingly, the petition for a writ of *habeas corpus* is dismissed as time barred. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 8, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge